**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAMALA F. AMBROSE-CLAMPITT,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | 1:12-CV-00654-BAM<br><br>**ORDER ON MOTION FOR ATTORNEY FEES**<br>(Doc. 21) |

**INTRODUCTION**

Plaintiff Pamala Ambrose-Clampitt ("Plaintiff") sought review by this Court of the decision by the Commissioner of Social Security ("Commissioner"). Following remand, an administrative law judge ("ALJ") issued a favorable decision to Plaintiff. On January 18, 2014 this Court awarded attorney's fees and expenses to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") in the amount of $1,700.

Presently before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel seeks $10,000 total in attorney's fees, which includes the $1,700 EAJA award. The Commissioner filed a statement of non-opposition (Doc. 23), and Plaintiff has not filed a statement in opposition to her attorney's request for Section 406(b) fees. For the reasons discussed below, the Court GRANTS Plaintiff's motion for attorney's fees.

**BACKGROUND**

Plaintiff had filed an application for disability insurance benefits alleging disability in accordance with the Social Security Act. The Commissioner denied the applications initially and upon reconsideration. Plaintiff requested and participated in a hearing before an ALJ. The ALJ issued a decision denying plaintiff's claim for benefits. Plaintiff then filed a request for review of the ALJ's decision with the Appeals Council. On March 1, 2012, the Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Commissioner. On April 23, 2012, Plaintiff filed this action to seek judicial review of the Commissioner's decision Pursuant to Social Security Act.

On November 19, 2012, this Court, upon stipulation by the parties, remanded this action to the Commissioner for further administrative action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), sentence four. This Court ordered the Appeals Council to remand the case to an ALJ for a new hearing and a new decision and to direct the ALJ consider the May 2000 VA determination, re-evaluate the medical evidence, re-evaluate Plaintiff's residual functional capacity, and obtain any necessary vocational evidence. Judgment was entered in favor of Plaintiff and against the Commissioner.

Following remand, the Commissioner granted Plaintiff's application for benefits, entitling her also to receive retroactive benefits. The Notice of Award shows that Plaintiff is to receive $70,566.67 in past due benefits as of August 2013 and will receive $1,220.00 each month in benefits going forward. (Doc. 21, Exh. 3, p. 1). On January 18, 2013, this Court, upon stipulation by the parties, awarded attorney's fees and expenses to Plaintiff under the EAJA in the amount of $1,700. On October 8, 2013, Plaintiff filed the instant motion for attorney's fees under 42 U.S.C. § 406(b) in the total amount of $10,000. Plaintiff's counsel submitted his record of hours worked on this matter, indicating Plaintiff's attorney worked 6.4 hours and paralegals worked 4.5 hours on Plaintiff's case. (Doc. 21, Exh. 4).

/./

**DISCUSSION**

Under 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir.2009) (en banc) (citing *Grisbrecht v. Barnhart*, 535 U.S. 789, 802, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002)). The twenty-five percent (25%) maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford,* 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' ... 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrech*t, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Gisbrecht,* 535 U.S. at 807–08.

The fee agreement between Plaintiff and her counsel provides for a fee consisting of twenty-five percent of the past-due benefits resulting from Plaintiff's claim or claims. (Doc. 21, Exh. 1.) Plaintiff's counsel voluntarily reduced the amount of fees sought to approximately 14% of the past-due benefits resulting from Plaintiff's claims.

The Court has considered the character of counsel's representation of Plaintiff and the results achieved by counsel. There is no indication that a further reduction of the award is warranted due to any of the factors described above. Counsel is an experienced attorney who secured a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in excessive delay.

Attorney's fees in the amount of $10,000 represent approximately 14% of the past-due benefits paid to Plaintiff and are not excessive in relation to the past-due award. *See Taylor v. Astrue*, No. 1:06–cv00957–SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar.4, 2011) (granting petition for an award of attorney's fees pursuant to Section 406(b) in the amount of $20,960.00 when the past-due benefits totaled $83,858.00); *Jamieson v. Astrue*, No. 1:09–cv–00490–LJO–DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb.9, 2011) (recommending an award of attorney's fees pursuant to Section 406(b) in the amount of $34,500.00 after parties stipulated to a remand and plaintiff was later deemed entitled to $204,998.00 in past-due benefits); *Logan–Laracuente v. Astrue*, No. 1:07–cv–00983–SMS, 2010 WL 4689519, at *2 (E.D. Cal. Nov.10, 2010) (granting petition for attorney's fees pursuant to Section 406(b) in the amount of $23,558.62 when the past-due benefit total was $118,129.80); *Fuentez v. Astrue*, No. 1: 10-cv-01032-AWI-SKO, 2012 WL 5417374 (E.D. Cal. 2012) (awarding $12,195.80 in fees where the parties stipulated to remand and plaintiff was later found disabled and entitled to retroactive benefits totaling $48,483.20); *Em v. Astrue*, No. 1: 10-cv-01414-LJO-SKO, 2012 WL 1554909 (E.D. Cal. 2012) (awarding $9,357.63 in fees where the parties stipulated to remand and the plaintiff was later found disabled and entitled to retroactive benefits totaling $37,430.54).

In considering whether the requested fee is excessive, this Court is mindful that the value of this case to Plaintiff is substantially greater than the $70,566.67 in past-due benefits awarded. *Crawford*, 586 F.3d at 1151-52 ("The attorneys will receive no percentage of the substantial future benefits paid to the claimants following their successful representation"). Plaintiff will receive

ongoing monthly benefit payments in the amount of $1,220.00. *See, Rodenas v. Colvin*, 2013 WL 1855837 (C.D. Cal. 2013) (". . . the value of this case to plaintiff is substantially greater than the $84,812 in past due benefits awarded. In addition to the past-due benefits, plaintiff will receive ongoing monthly benefits payments . . .")

An award of Section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412*; Grisbrecht*, 535 U.S. at 796. Plaintiff's counsel has already been awarded $1,700 in fees pursuant to the EAJA; thus the Section 406(b) fees awarded by this order must be offset by $1,700 and that amount must be refunded to Plaintiff.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court GRANTS the petition for award of attorney's fees pursuant to 42 U.S.C. 406(b) in the amount of $10,000.00. Plaintiff's counsel be ORDERED to refund to Plaintiff $1,700.00 of the Section 406(b) fees awarded as an offset for EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **February 25, 2014**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE